**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MELVIN MASON,
                              **Plaintiff,**

-vs-                                                                 Case No.  **1:07-cv-00601-KS**

WILLIAM E. CASSADY, et al.,
                              **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**   **WILCOX COUNTY SHERIFF, PRINCE ARNOLD'S MOTION TO STRIKE (Doc. No. 41)** |
| **FILED:**   **February 12, 2008** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**. |

**I.**     **BACKGROUND**

      On August 27, 2007, Plaintiff Melvin Mason ("Mason") instituted this action by filing a Complaint ("Complaint") against multiple Defendants, including Prince Arnold ("Arnold") in his official capacity as Sheriff of Wilcox County and Sangernetta Mason ("Sangernetta Mason"). Doc. No. 1. Mason's Complaint alleges that on April 27, 2007, Sangernetta Mason filed a false report with the Wilcox County Sheriff's Department (herein "Sheriff's Department"). Doc. No. 1 at 2. The Complaint alleges that Sangernette Mason is incompetent. *Id.* Mason maintains that the "investigator" removed a hunting rifle from his home, and the hunting rifle has not been returned to him. *Id.* Count

IV of Mason's Complaint states that the Sheriff's Department committed "a form of negligence" when it "responded to a false report from a legally incompetent [Sangernetta Mason], took no action to ascertain her disability and deprived . . . Plaintiff of [his] property . . ." Id. at 4. Mason's Complaint also states that his Second, Fourth, Fifth, and Fourteenth Amendment rights were violated. Id.

On January 8, 2008, Arnold responded to Mason's Complaint by filing a Motion to Dismiss ("Motion to Dismiss"). Doc. No. 27. On January 30, 2008, Mason filed a Response in opposition to Arnold's Motion to Dismiss and a separate Memorandum in Support. Doc. Nos. 33, 34. Mason attached two exhibits to the Memorandum. Doc. No. 34. Exhibit A is entitled "Request for Appointment of a Fiduciary, Custodian, or Guardian", and Exhibit B is a three page account of the events that took place on April 27, 2007 at Mason's home, followed by a request that the Sheriff's Department produce various documents. Exhibit B contains Mason's signature and the signature of an alleged notary public. Exhibit B does not contain the seal of the notary, the date it was notarized, nor the date the notary's commission expires, but it purports to be an affidavit.

## II.  MOTION TO STRIKE

On February 12, 2008, Arnold filed the present Motion to Strike ("Motion") Mason's Exhibits A and B. Doc. No. 41. Arnold argues that Exhibit A "is not relevant to any issue before this Court because it does not have 'any tendency to make the existence of any fact that is of any consequence to the determination of the action more or less probable.'" Id.; Rule 401, Fed. R. Evid; Rule 402, Fed. R. Evid. Arnold maintains that the document is unfairly prejudicial. Id. Arnold also argues that Exhibit A appears to impeach Arnold's credibility, but no such document has ever been recognized by the Federal Rules of Evidence as a legitimate impeachment tool. Doc. No. 1. In regard to Exhibit B, Arnold points out that the document appears to be an affidavit; however, the document does not bear

the seal of the notary public, and it does not contain language certifying that the contents are true and correct. *Id.* at 2. Arnold argues that both documents should be stricken from the record.

On March 5, 2008, Mason filed a response in opposition ("Opposition") to Arnold's Motion. Doc. No. 50. Mason argues that Exhibit A is relevant to these proceedings as "it is a clear indication and proof Defendant Sangernetta Mason is Incompetent and her remedies lie within F.R.C.P. Rule 17(c)." *Id.* In regard to Exhibit B, Mason contends that his affidavit is in compliance with Fed. R. Civ. P. 9(d) and should not be stricken. *Id.* Mason also states the following:

> In conclusion Plaintiff is forwarding a copy of said affidavit with Notary Seal attached. Plaintiff's Exhibit B should not be striken [sic] because, due to vandalism of Plaintiff's vehicle he, said Plaintiff has [sic] forced to walk through a pouring rain storm which washed notary information away from bottom of page.

*Id.* at 2. Accordingly, Mason argues the documents should not be stricken.

## III.    ANALYSIS

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2007). Mason filed each of the Exhibits in response to Arnold's Motion to Dismiss. Each of Mason's Exhibits should be stricken from the record because Mason is prematurely seeking their consideration by the Court. "A district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A motion to dismiss tests the legal sufficiency of the plaintiff's complaint assuming all allegations contained therein are true. *See Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, because Mason alleges that Sangernetta Mason is incompetent, Exhibit A is duplicative and unnecessary. Furthermore, it is improper for a

plaintiff to respond to a motion to dismiss by relying on matters outside the complaint.  Neither Exhibit A nor B should be considered while determining Arnold's Motion to Dismiss.

Federal Rule of Civil Procedure 56 provides: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated." Fed. R. Civ. P. 56.  Black's Law Dictionary defines affidavit as follows: "A voluntary declaration of facts written down *and sworn to by the declarant before an officer authorized to administer oaths*." Black's Law Dictionary 58 (7th ed. 2001) (emphasis added). Even if Mason's Exhibit B was allowed by the Court, his Exhibit B does not comport with the requirements of an affidavit.

Accordingly, it is **RECOMMENDED** that Arnold's Motion (Doc. No. 41) against Mason be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 14, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE