UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MELVIN MASON,**
                    **Plaintiff,**

**-vs-**                                                           **Case No.  1:07-cv-00601-KS**

**WILLIAM E. CASSADY, et al.,**
                    **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR CLARIFICATION (Doc. No. 57)** |
| **FILED:** | **May 27, 2008** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**. | |

    On August 27, 2007, Plaintiff Melvin Mason ("Mason") instituted this action by filing a Complaint ("Complaint") against multiple Defendants. Doc. No. 1.  On February 12, 2008, Defendant Prince Arnold filed a motion to strike against Mason. Doc. No. 41.  The presiding judge, Honorable G. Kendall Sharp, referred the motion to the undersigned for a report and recommendation. Following the undersigned's report and recommendation, Mason filed the present Motion for Clarification ("Motion") inquiring "who, what, when, and how did this individual [the undersigned] gain any authority to sign Orders when the only Judge of record is Judge G. Kendall Sharp." Doc. No. 57.

Again, Judge Sharp referred Mason's Motion to the undersigned. This Court recommends that Mason's Motion be granted and provides the following explanation of authority.

28 U.S.C. § 636(b) provides the following:

> A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b). Federal Rule of Civil Procedure 72 states the following:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judgment in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72 (2008). Thus, the undersigned had authority to issue the report and recommendation following Judge Sharp's referral of the Motion to Strike pursuant to Section 636(b). Accordingly, it is **RECOMMENDED** that Mason's Motion (Doc. No. 57) be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on June 10, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE